# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

EDWARD I. ELDRIDGE, SR.                                               PETITIONER
ADC #157109

VS.                          5:16-CV-00132 JM/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                     RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a § 2254 habeas Petition[1] filed by Petitioner, Edward I. Eldridge, Sr. ("Eldridge"). *Doc. 2*. He attacks a prison disciplinary he received while incarcerated in the Cummins Unit of the Arkansas Department of Correction ("ADC"). *Doc. 2*.

On November 24, 2015, Eldridge confronted Correctional Officer Freddie Childs ("CO Childs") about lying to him that prison rules prevented Eldridge from leaving his towel at the foot of his bed. CO Childs reported that Eldridge told him that "if his [Eldridge's] sons were here [Childs] wouldn't be here." CO Childs construed this as a threat on his life and ordered Eldridge to leave the chow hall. Eldridge refused to obey CO Childs' order. *Doc. 2 at 10-11*; *Doc. 5-2*.

On November 25, 2015, Eldridge received notice that, based on the alleged events of the preceding day, he was being charged with: (1) assault – verbal or written threat; (2) insolence to a staff member; and (3) failure to obey a verbal order from staff. *Id*.

On December 2, 2015, a disciplinary hearing was held. Eldridge appeared and made a statement in which he: (1) admitted asking CO Childs about his towel;

---

[1] The Court considers Eldridge's habeas Petition as being filed under 28 U.S.C. § 2254 even though he used a pre-printed form for a § 2241 Petition. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (a person under state custody pursuant to the judgment of a federal court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled").

(2) complained that Officer Childs was the only prison official who took his towel; and (3) denied making threats to staff. The Disciplinary Hearing Officer ("DHO") found Eldridge guilty of all three charges. The DHO imposed sanctions of 30 days' punitive isolation and a reduction in good-time classification from I-C to IV. *Doc. 5-3*.

Eldridge appealed the guilty findings to the Warden, to the Disciplinary Hearing Administrator, and finally to Respondent Kelley. The Warden and the Disciplinary Hearing Administrator affirmed. *Doc. 5-4*. Respondent Kelley rejected the appeal, on the ground that Eldridge failed to timely seek review of the Hearing Administrator's findings. *Id*.

On May 2, 2016, Eldridge filed this federal habeas action, in which he claims that: (1) he is "actually innocent" of the charges, a claim he contends is provable by a video of the incident; (2) his due process rights were violated by prison staff's failure to properly investigate his claims; and (3) he was denied a fair and impartial tribunal to resolve the allegations against him. *Doc. 2*. By way of relief, Eldridge requests the Court to: (1) overturn his disciplinary conviction; (2) order a proper investigation; (3) compel production of the video of the incident; (4) order an evidentiary hearing; and (5) grant habeas relief. *Doc. 2 at 7*.

3

Respondent argues that Eldridge's habeas claims: (1) are not cognizable in a § 2254 habeas action; (2) are procedurally defaulted; or (3) fail on the merits. *Doc. 5.*

On July 25, 2016, Eldridge filed a 42 U.S.C. § 1983 Complaint form *in this action* which asserts that his constitutional rights were violated in connection with the same major disciplinary at issue in his habeas petition.[2] *Doc. 7.* Eldridge's filing was construed as a Motion for Leave to Amend his federal habeas Petition pursuant to Fed. R. Civ. P. 15(a).

## II. Discussion

### A.   Eldridge Has Failed To State a Cognizable Federal Habeas Claim

As punishment for his disciplinary conviction, Eldridge's class status was reduced one level and he was sentenced to 30 days in punitive isolation. It is undisputed that Eldridge's disciplinary conviction did not result in *the loss of any earned good-time credit*.[3] Thus, Eldridge is not seeking and cannot obtain any remedy from the Court that would shorten his prison sentence.

---

[2] This filing appears to have been prompted by Respondent's Response in which she argued that Eldridge's claims are *not* actionable under federal habeas law but instead "must be raised under 42 U.S.C. § 1983." *Doc. 5 at 4*.

[3] Because the loss of good time credits affects the length of a prisoner's confinement, a habeas action is a prisoner's *exclusive* remedy to challenge the constitutionality of the final disciplinary conviction. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002).

4

The law is well established that, if a § 2254 habeas petitioner is *not* challenging the validity of his criminal conviction or sentence, or the length of his confinement, a federal court lacks jurisdiction. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) ("As we stated in *Kruger v. Erickson,* "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."); *Archuleta v. Hedrick*, 365 F.3d 644, 647 (8th Cir. 2004) ("If the state prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.").

Accordingly, Eldridge's habeas Petition should be dismissed, with prejudice.

**B.     Eldridge's Proposed Claims Are Not Cognizable Under § 1983**

On July 25, 2016, Eldridge sought to amend his pleadings to assert a § 1983 claim in connection with the same major disciplinary he is challenging in his habeas petition. *Doc. 7.* Because Eldridge must obtain leave from the Court to amend his pleading, the Court construed Eldridge's filing as a Motion for Leave to Amend his habeas Petition. *See* Fed. R. Civ. P. 15(a)(d) (requiring the opposing party's written consent or the court's leave in order to amend a pleading).

While Fed. R. Civ. P. 15(a)(2) provides "[t]he court should freely give leave [to amend] when justice so requires," this does not mean that a party has an absolute or automatic right to amend. *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748,

749 (8th Cir. 2005). Futility of the amendment "is a valid basis for denying leave to amend." *Fairview Health*, 413 F.3d at 749. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (*quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)); *See* also *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (explaining that a court may deny a prisoner's motion to amend the complaint when such amendment would be futile).

Eldridge's proposed new constitutional challenge to the reduction in his classification level and his 30 days in punitive isolation could not survive the mandatory screening to which all prisoner § 1983 claims are subjected. *See* 18 U.S.C. § 1915A (requiring screening and dismissal of any claims which fails to state a claim upon which relief may be granted). The Eighth Circuit has held, repeatedly, that prisoners *do not* have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Sanders v. Norris*, Case No. 05–2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Similarly, the United States Supreme Court and the Eighth Circuit have held that temporarily placing a prisoner in punitive isolation, and suspending his privileges while so confined, does not

6

constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 482–86 (1995) (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill*, 288 F .3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (same).

Accordingly, Eldridge's Motion for Leave to Amend should be denied.

### III. Conclusion

Based on the foregoing analysis, this Court lacks jurisdiction to consider the claims set forth in Eldridge's habeas Petition, and the Motion for Leave to Amend to assert a § 1983 claim should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner Edward I. Eldridge, Sr.'s Petition for a Writ of Habeas Corpus, (*doc. 2*), be DENIED, and that the case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

IT IS FURTHER RECOMMENDED that Petitioner's Motion for Leave to Amend Habeas Petition, *doc. 7*, be DENIED.

Dated this 31st day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE